HOOPER, Chief Justice
(dissenting).
I must respectfully dissent. I would grant certiorari review. Charles Cagle sue4 his employer, Brock & Blevins, Inc., seeking to recover workers’ compensation for injuries he had sustained on January 23, 1993. The facts of this case are set out in Brock & Blevins, Inc. v. Cagle, 775 So.2d 824 (Ala.Civ.App.1999), wherein the Court of Civil Appeals affirmed the judgment of the trial court finding that Cagle had suffered a 100% loss of earning capacity and was permanently and totally disabled as a result of the on-the-job injury that is the basis of this case.
Section 25-5-58, Ala.Code 1975, provides: “If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
Charles Cagle had not worked for at least three years before being referred by his union to work at Brock & Blevins, Inc. Cagle had worked for Brock & Blevins only five hours before he was injured. Ca-gle had had numerous medical problems *831 before starting to work for Brock & Blevins. The trial court, in determining the compensation owed by the employer, should have taken into account Cagle’s preexisting condition.